UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOS T.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 24–cv–10070–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff Christos T.'s appeal (ECF No. 1) from the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security Disability Insurance Benefits (ECF No. 6–2 pp.15–40). For the following reasons, the Commissioner's decision will be **AFFIRMED**.

    **I.    BACKGROUND**

    Because the record is voluminous, I set forth only the facts necessary for context and relevant to the issues on appeal.

    On June 11, 2022, plaintiff filed an application for benefits and supplemental security income. (*Id.* p.18.) The application was denied initially on November 22, 2022 and on reconsideration on February 9, 2023. (*Id.*) Administrative Law Judge (ALJ) David Neuman held a hearing on August 16, 2023, at which plaintiff and a vocational expert testified. (*Id.*

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021–10.

pp. 18, 41–70.) Thereafter, ALJ Robert Gonzalez[2] held a supplemental hearing on November 29, 2023, at which plaintiff, his representative, a medical expert, and a vocational expert testified. (*Id.* pp. 19, 71–120.) On August 19, 2024, ALJ Gonzalez issued a decision unfavorable to plaintiff, concluding that she was not disabled within the meaning of the Social Security Act. (*Id.* pp. 18–40.) On September 20, 2024, the Appeals Council denied plaintiff's request for review (*id.* pp. 2–7), making the August 2024 decision the Commissioner's final decision.

## II. LEGAL STANDARD

### A. Standard Governing Benefits

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If [the claimant] is, [the claimant] is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

---

[2] From here on, "the ALJ" and "ALJ Gonzalez" both refer to ALJ Robert Gonzalez.

> [the claimant] has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations" [(Listings)]. *Smith*, 631 F.3d at 634. If the claimant's impairments do, [the claimant] is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If [the claimant does] not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" (RFC) and whether he can perform his [or her] "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [the claimant] can still do despite [the claimant's] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform … past relevant work despite [the claimant's] limitations, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If [the claimant] cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] … age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, [the claimant] is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If [the claimant] cannot, [the claimant] is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### B. <u>Standard of Review</u>

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau*

3

*v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an ALJ's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 687 (3d Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an ALJ's findings so long as they are supported by substantial evidence even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

An ALJ must sufficiently develop the record and explain findings in order to permit meaningful review when the decision is read as a whole. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021). In so doing, an ALJ need not use any particular language or format. *Id.* Though there is deference afforded to the ALJ's evaluation of evidence, witnesses, and expert opinions, "remand is necessary 'where we cannot ascertain whether the ALJ truly considered competing evidence, and whether a [plaintiff's] conditions, individually and collectively, impacted' his ability to work." *Grier v. Comm'r Soc. Sec.*, 822 F. App'x 166, 170 (3d Cir. 2020) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009)).

### III.  THE ALJ DECISION

At step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity. (ECF No. 6–2 p. 21.)

At step two, the ALJ determined that plaintiff had the following severe impairments: multiple sclerosis, cervical spine spondylosis. (*Id.*)

At step three, ALJ Gonzalez considered various Listings and determined that through the date last insured that plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity" of any of the impairments listed by the regulations. (*Id.* pp. 22–24.) Specifically, ALJ Gonzalez determined that plaintiff's depression "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore non-severe." (*Id.* pp. 21, 22.) Further, plaintiff's multiple sclerosis did not result in plaintiff's "disorganization of motor function in two extremities" or leave plaintiff with a "marked" limitation in physical functioning. (*Id.* pp. 22, 23.) Based on the totality of the evidence, ALJ Gonzalez found that plaintiff had mild limitations in "understanding, remembering, or applying information," "interacting with others," "concentrating, persisting, or maintain pace, and "adapting or managing oneself." (*Id.*) ALJ Gonzalez then determined that there was no evidence to show that plaintiff's cervical spine spondylosis met Listing 1.15, which includes "[d]isorders of the skeletal spine resulting in compromise of a nerve root(s)." (*Id.* pp. 23, 24.)

At step four, the ALJ concluded that plaintiff had the RFC to perform sedentary work, with certain additional capabilities and limitations, including that:

> [H]e can occasionally climb ramps and stairs, balance, stoop, kneel[], crouch[], crawl[]; never climb ladders, ropes, or scaffolds; cannot work at unprotected heights, or with machinery with moving mechanical parts; and must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibrations, fumes[,] odors, dust, gases, [and] poor ventilation; but [he] can work in areas of moderate noise such as department stores, grocery stores, and areas of light traffic.

Upon summarizing plaintiff's testimony, ALJ Gonzalez determined that plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and

other evidence in the record." (*Id.* p. 25.)  For example, ALJ Gonzalez noted that plaintiff's ability to cook, clean, do laundry, do minor repairs and yard work, go to the store alone, bathe and dress himself, walk, do tai chi and yoga, and exercise daily demonstrates that plaintiff's "daily activities … are not limited to the extent one would expect." (*Id.*)  Further, ALJ Gonzalez reviewed the "type, dosage, effectiveness, and side effects" of plaintiff's medication regimen and concluded that it would not prevent plaintiff from engaging in the RFC. (*Id.*)

At step five, ALJ Gonzalez considered plaintiff's background, RFC, and vocational expert testimony to determine that plaintiff was "capable of performing past relevant work" as a data processing manager as that work is generally performed. (*Id.* pp. 32, 33.)  Moreover, "there were other jobs that existed in significant numbers in the national economy that the [plaintiff] also could have performed." (*Id.* p. 33.)  These jobs consist of parimutuel ticket checker, document preparer, and addresser. (*Id.* pp. 33, 34.)  Accordingly, ALJ Gonzalez found that plaintiff was not disabled pursuant to the Social Security Act.

## IV. DISCUSSION

Plaintiff raises three main challenges to the ALJ's decision. (ECF No. 7 (Mov. Br.) p. 6.)  First, plaintiff argues that ALJ Gonzalez's step two determination that plaintiff's mental impairments—particularly depression—were not "severe" is not supported by substantial evidence. (*Id.* pp. 9–10.)  Second, plaintiff argues that ALJ Gonzalez erred in finding the medical opinion of Dr. Spisak-Mosher unpersuasive. (Mov. Br. pp. 14–15.).  Third, plaintiff argues that ALJ Gonzalez's RFC finding is not supported by substantial evidence and does not adequately reflect the impact of multiple sclerosis, fatigue, and cognitive symptoms. (*Id.* pp. 11–14.)  Last, plaintiff argues that ALJ Gonzalez's step-four (past work) and step-five (alternative work) conclusions are not supported by substantial evidence because they rely on a flawed RFC and

improper weighing of the medical opinions. (*Id.* pp. 16–19.) The Commissioner filed an opposition brief (ECF No. 9), in response to which, plaintiff filed a reply brief (ECF No. 10 (Reply Br.).)

### A. Step Two

Plaintiff argues that ALJ Gonzalez's determination at step two that plaintiff's mental condition was not a "severe" impairment was not supported by substantial evidence. (Mov. Br. pp. 9–10.)

At step two, the ALJ must determine whether plaintiff has any impairments severe enough to limit his ability to work. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). A severe impairment is "something beyond a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). The burden is on the plaintiff to show a severe impairment at step two, but the inquiry is *de minimis* and used to filter out meritless claims. *See id.*; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003)). Nevertheless, "diagnoses alone are insufficient to establish their severity at [s]tep [t]wo." *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007).

I find that ALJ Gonzalez's step two determination is supported by substantial evidence. ALJ Gonzalez broadly assessed plaintiff's mental function with respect to the four "paragraph B" criteria, namely: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (ECF No. 6–2, pp. 21–22.) For each functional domain, ALJ Gonzalez analyzed reports from psychological examinations, testimony of medical experts, and plaintiff's own statements and found only mild limitations, thus concluding that plaintiff's depression was non-severe. (*Id.*)

Plaintiff suggests that the ALJ gave too little weight to the report of Dr. Theodore Brown. (Mov. Br. pp. 9, 10; *see* ECF No. 6–7 pp. 139–144.) Plaintiff acknowledges that ALJ Gonzalez "note[d] the report of Dr. Brown" and plaintiff's hearing testimony but simply concluded that they indicated only a mild impairment. (Mov. Br. p. 10; *see* ECF No. 6–2 p. 21.)

In short, ALJ Gonzalez specifically balanced Dr. Brown's report with the totality of the evidence to determine that although plaintiff does have certain limitations, she is able to function sufficiently. (ECF No. 6–2 pp. 21–22.) Given that a reviewing court "must not substitute [its] own judgment for that of the fact finder," I find plaintiff's argument to be without merit. *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014.) Moreover, because ALJ Gonzalez found in plaintiff's favor at step two by finding at least one severe impairment (here, multiple sclerosis and cervical spine spondylosis), "even if he had erroneously concluded that some of [plaintiff's] other impairments were non-severe, any error was harmless." *Salles*, 229 F. App'x at 145 n. 2.

### B. RFC

Plaintiff next argues that the ALJ's findings as to the RFC are not supported by substantial evidence because the ALJ failed to consider plaintiff's depression or fatigue. (Mov. Br. pp. 11–14.) Plaintiff implies that ALJ Gonzalez failed to consider reports from Dr. Brown, Dr. Spisak-Mosher, and testimony from Dr. Koenig. (*Id.*)

"To assess the RFC, the ALJ must consider all relevant evidence from the record, which includes statements from medical sources and the claimant's own description of her limitations." *Morel v. Colvin*, 14–02934, 2016 WL 1270758, at *6 (D.N.J. Apr. 1, 2016). "The RFC assessment must be supported by a clear statement of the facts upon which the finding is based." *Id.* "If a claimant's symptoms "suggest a greater functional restriction than is demonstrated by the objective evidence alone, the Commissioner considers evidence such as the

8

claimant's statements, daily activities, duration and frequency of pain, medication, and treatment." *Id.* (quoting *Landeta v. Comm'r of Soc. Sec.*, 191 F. App'x 105, 111 (3d Cir. 2006)).

Plaintiff offers no evidence in support of his position. Instead, I find that when assessing plaintiff's RFC, ALJ Gonzalez thoroughly discussed plaintiff's medical history, self-reported limitations and abilities, testimony, and medical reports. (ECF No. 6–2 pp. 24–32.) The ALJ provided a detailed summary of plaintiff's limitations and medical records and discussed in detail the opinions of his medical providers. (*Id.*) For example, the ALJ noted, *inter alia*, that plaintiff could cook, clean, wash laundry, bathe and dress himself, do yoga and tai chi, and attend virtual classes. (ECF No. 6–2 p. 25.) To the extent plaintiff takes issue with ALJ Gonzalez not having given proper weight to the reports of Dr. Brown and Dr. Spisak-Mosher and the testimony of Dr. Koenig (*see* Mov. Br. pp. 12, 13), an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), [] including those from [the plaintiff's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead of assigning weight to medical opinions, the ALJ considers the persuasiveness of a medical opinion or finding. *Id.* Consistent with this regulation, the ALJ did just that. *See Wellington v. Kijakazi*, No. 22–05042, 2023 WL 5551030, at *6 (D.N.J. Aug. 29, 2023) ("[T]he ALJ did not merely announce her RFC determination without providing any support or explanation. She appropriately evaluated the objective medical record."); *Jose v. Kijakazi*, 19–19077, 2023 WL 5125533, at *4 (D.N.J. Aug. 9, 2023) (finding that the ALJ's discussion of the objective medical evidence "indicates that his RFC determination is supported by substantial evidence and that it resulted from his 'careful consideration of the entire record'").

### C. Medical Opinions

Plaintiff next argues that the ALJ erred by rejecting the opinion of Dr. Spisak-Mosher. (Mov. Br. pp. 14–15.)

ALJs must assess the persuasiveness of the medical opinions and prior administrative findings based on the five factors enumerated in 20 C.F.R. § 404.1520c. *Lynch v. Comm'r Soc. Sec.*, 23–1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024). Those factors are: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors when assessing persuasiveness. 20 C.F.R. § 404.1520c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

As stated above, an ALJ need not defer to any particular medical opinions or findings. *See* 20 C.F.R. § 404.1520c(a). Instead, the ALJ must articulate how they considered supportability and consistency when determining the persuasiveness of each medical opinion. *Id.*; *Lynch*, 2024 WL 2237961, at *2.

Here, I find that ALJ Gonzalez properly considered Dr. Spisak-Mosher's opinion. (*See* ECF No. 6–2 pp. 30–31.) ALJ Gonzalez concluded that Dr. Spisak-Mosher's opinions including, *inter alia*, that plaintiff experiences frequent pain and fatigue that interferes with his attention and concentration, that he would miss work more than four times per month, and that he could not

perform even low stress jobs, were unpersuasive. (*Id.*) ALJ Gonzalez considered supportability, pointing to the lack of support for Dr. Spisak-Mosher's conclusions even from her own examination of plaintiff. (*Id.* p. 31.) Further, ALJ Gonzalez cites to dozens of record documents as well as plaintiff's own testimony to demonstrate how Dr. Spisak-Mosher's opinions are inconsistent with the record as whole, "which shows that [plaintiff] regularly exhibited full strength and reflexes in all extremities with a normal gate, and no loss of sensation." (*Id.*)

Accordingly, ALJ Gonzalez did not err in finding Dr. Spisak-Mosher's opinion unpersuasive.

### D. Steps Four and Five

Plaintiff's final challenge is to the ALJ's step four and step five analysis. Plaintiff argues that because the ALJ's RFC analysis was deficient, the ALJ's corresponding finding that plaintiff could perform past work (step four) or other work (step five) cannot be sustained. (Mov. Br. pp. 16–19.) Specifically, plaintiff takes issue with the ALJ utilizing an RFC "that does not take into account the fatigue and the missing work and the effects of cognitive loss." (*Id.* p. 16.) As to step four, plaintiff argues that the past work identified as possible by the vocational expert using the RFC from ALJ Gonzalez—Manager, Data Processing, DOT 169.167-030—should have been considered a composite job. (*Id.*) At step five, plaintiff argues the alternative jobs named by the vocational expert—Parimutuel ticket checker, DOT 219.587-010, Document preparer, DOT 249.587-018, and Addresser, DOT 209.587-010—are obsolete in the current economy and have a lower job incidence than stated. (*Id.* pp. 18–19.)

As a preliminary matter, since plaintiff did not object to the vocational expert's testimony during the hearing, any objection raised now is untimely. *Dionisio v. Comm'r of Soc. Sec.*, 23–22067, 2025 WL 428557, at *5 (D.N.J. Feb. 7, 2025). However, even if the challenge were timely, it is plaintiff's burden to

11

show at step four that he could not perform his past relevant work. *Smith*, 631 F.3d at 634. Plaintiff has presented no evidence to show that Data Processing Manager is a composite job or that plaintiff would not be able to perform it. Moreover, although plaintiff takes issue with the vocational expert relying on the alternative jobs of parimutuel ticket checker, document preparer, and addresser, plaintiff has pointed to no errors made by ALJ Gonzalez or the vocational expert, and in fact plaintiff credits ALJ Gonzalez for asking the vocational expert about changes in the jobs of addresser and document preparer. (Reply Br. pp. 11, 12.)

## V. CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for benefits is **AFFIRMED**.

                                              */s/ Edward S. Kiel*
                                              **EDWARD S. KIEL**
                                              **UNITED STATES DISTRICT JUDGE**

Dated: December 30, 2025